UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CAESAR MARK CAPISTRANO,

Petitioner,

v.

WARDEN STEVIE M. KNIGHT,

Respondent.

Civil Action
No. 23-2813 (CPO)

**OPINION & ORDER**

**O'HEARN, District Judge.**

Before the Court is Petitioner's "motion for recission of order granting extension of time and the [rein]statement of the Court's Order of dismissal with prejudice." (ECF No. 15.) Petitioner appears to believe that because the Court dismissed the United States as a party, that the United States Attorney's Office may no longer oppose his § 2241 Petition. (*Id*. at 1–2.) He also believes that at some point, the United States was reinstated as a party in this case. (*Id*.)

Petitioner is incorrect on both points. First, the United States remains dismissed with prejudice, pursuant to the Court's earlier Order, as the only proper respondent in a § 2241 case is the warden of the facility where Petitioner was being held. (ECF No. 7, at 1.) The Court has never reinstated the United States as a party to this case. Next, as the United States Attorney's Office represents the Warden, Respondent Knight, it may certainly file an answer on Respondent's behalf or otherwise oppose Petitioner's filings.

Alternatively, Petitioner contends that it was inappropriate to grant Respondent's most recent request for an extension of time to answer because of 28 U.S.C. § 2243, which states that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." (ECF No. 15, at 2.)

That statute, however, is "not the only statute governing a habeas petition." *E.g.*, *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *see also* *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021). Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule"), provides the Court with an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243. As Judge Cecchi explained:

> In addition to the aforementioned actions authorized by § 2243, this Court is also authorized by Rule 4 to order Respondent to file an answer. Habeas Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947). . . . Here, there is no question that Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948, if a conflict exists between the two.

*Iremashvili*, 2017 WL 935441, at *2.

Under Rule 4,[1] there are no absolute time limits, and the Rule allows the Court to consider a variety of factors in determining the appropriate deadlines. *See id.*; *see also Mouscardy v. White*,

---

[1] Habeas Rule 4 states, in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the

No. 20-2143, 2020 WL 5424712, at *1 (D.N.J. Sept. 10, 2020).  Rule 4 also allows the Court to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Habeas Rule 4.  The advisory committee discussed the interplay between Habeas Rule 4 and § 2243:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices, additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

*Iremashvili*, 2017 WL 935441, at *3 (quoting Habeas Rule 4 advisory committee's note to 1976 adoption).

"In light of the conflict between § 2243's strict time requirements and Rule 4's grant of discretionary time limits, the Court finds that Rule 4, the later-enacted statute, controls." *Id.* at *4; *see also Capozzi*, 2021 WL 5881587, at *1; *Mouscardy*, 2020 WL 5424712, at *1.  Consequently, "the Court is not obligated to issue a show-cause order as Petitioner alleges," and may follow the alternative procedure of ordering an answer. *Iremashvili*, 2017 WL 935441, at *4 (citing cases).

Additionally, the delay in this case was caused in part by Petitioner's filing of an Amended Petition.  The Court had only recently reopened this case on December 12, 2023, and Respondent had not sought any prior extensions in responding to the Amended Petition.  (ECF Nos. 12, 13.)  Mindful of the delay, the Court rejected Respondent's request for a 90-day extension, reducing the

---

respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

extension to 60 days. (ECF No. 14, at 1.)  For all those reasons, the Court will not vacate its prior extension order.

Finally, the Court notes that if Petitioner is still under the impression that the absence of an answer would entitle him to default judgment or an automatic victory, he is incorrect.  Default judgment is inappropriate in a habeas case for a litany of reasons. *See, e.g.*, *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment."); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (observing that if district courts were to grant default judgments in habeas cases, "it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them"); *Garcia v. United States*, No. 19-181, 2019 WL 5788087, at *1 (D.N.J. Nov. 6, 2019).  Accordingly,

IT IS, on this 23rd day of February 2024,

**ORDERED** that Petitioner's motion, (ECF No. 15), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion & Order upon Petitioner by regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**